UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION. No. 07-30013-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GARY LYNN WARD | MAG. JUDGE KAREN L. HAYES |

RULING

On August 21, 2007, Petitioners Jerry and Sarah Ward ("the Wards"), the parents of Defendant Gary Lynn Ward, filed a pro se "Notice of Interest in Forfeited Property" ("the Petition") [Doc. No. 42].  The Wards contend that they have an interest in a 2007 Toyota Tacoma truck forfeited by Defendant to the Government as part of his plea agreement.

On September 6, 2007, the Government filed "Motion of the United States to Dismiss Petition to Claim Equitable Interest in Forfeited Property" ("Motion to Dismiss") [Doc. No. 44]. The Government moves this Court to dismiss the Wards' Petition for failure to comply with the statutory requirements.  The Wards have not responded to the Motion to Dismiss, nor asked for an extension of time to do so.

For the following reasons, the Government's Motion to Dismiss is GRANTED.

A.    Pertinent Facts and Procedural History

On March 28, 2007, Defendant was charged in a six-count Indictment with conspiracy and distribution of anabolic steroids.  Count 6 alleged that Defendant should forfeit any interest in a 2007 Toyota Tacoma truck.

On June 21, 2007, Defendant pled guilty to Count 1 of the Indictment, charging him with

conspiracy to possess with the intent to distribute anabolic steroids. Under the plea agreement, Defendant agreed to forfeit his interest in the Toyota truck. [Doc. No. 32].

On June 27, 2007, on the Government's motion, the Court granted a preliminary order of forfeiture. The Government then published notice in the newspaper for three weeks and provided notice to all known creditors.

On August 7, 2007, Toyota Motor Credit Corporation ("TMCC") filed a petition to adjudicate its interest in the Toyota truck.

On August 21, 2007, the Wards filed the pending Petition. The Petition was signed by the Wards, but not under penalty of perjury. They contend that they "purchased a 2001 Toyota Tacoma Pre-Runner for their son on December 21, 2000. They paid cash for the vehicle and placed the vehicle title in Gary Ward's name. Gary never paid his parents for the vehicle." [Doc. No. 42, ¶ 2]. The Wards argue that the vehicle they purchased was used as a trade-in, and, therefore, they have an interest in the seized vehicle, a 2007 Toyota Tacoma truck.

On August 24, 2007, the Court set a hearing on both TMCC's and the Wards' petitions. The order states that "[a]n evidentiary hearing, if necessary, will be held on the date of Defendant's sentencing. . . . At that time, the Court will determine all interest held by the Wards and by T[MCC]." [Doc. No. 43].

On September 6, 2007, the Government filed its Motion to Dismiss [Doc. No. 44]. The Government argues that the Wards failed to comply with the requirements of 21 U.S.C. § 853(n)(3), governing claims by third parties to property subject to criminal forfeiture. Specifically, the Government argues that the Wards did not sign under penalty of perjury and failed to set forth their claim in the detail required by statute.

2

## B. Law and Analysis

In a criminal forfeiture, third parties may seek to have their interest in forfeited property adjudicated under 21 U.S.C. § 853(n). The statute states:

(n) Third party interests

    (1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

    (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

    (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

    (4) The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection.

21 U.S.C. § 853(n)(1)-(4). Thus, a third party asserting an interest in forfeited property must file a petition, sign it under penalty of perjury, and "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right,

title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3).

The Government argues that the Wards' Petition should be dismissed for two reasons: (1) they failed to sign under penalty of perjury, and (2) the Petition was not sufficiently detailed to state a claim as a matter of law.

The Court declines to dismiss the Petition based on the Government's first argument. The Wards are acting pro se, and they both signed the Petition. Their failure to sign under penalty of perjury could be easily corrected by amendment, and there is no indication that the Wards failed to sign because they were asserting frivolous claims.

However, the Court has considered and agrees with the Government's second argument. Accepting the facts pled by the Wards as true, the Court finds that they have failed to establish standing to contest the forfeiture of Defendant's Toyota truck.

Third parties may establish standing by showing that they "had a legal interest in the property that, at the time of the commission of the acts giving rise to the forfeiture, was vested in [them] rather than the defendant or was superior to the interest of the defendant."[1] United States v. Salam, 191 F. Supp.2d 725, 727 (E.D. La. 2001) (citing 21 U.S.C. § 853(n)(6)); see also United States v. 1977 Porsche Carrera 911 VIN 9117201924, License No. 459 DWR, 946 F.2d 30, 33 (5th Cir. 1991) ("A party seeking to challenge the government's forfeiture of property used in violation of federal

---

[1] Although not at issue here, a third party may also establish standing by showing that he or she "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. § 853(n)(6)(B).

law must first demonstrate a lawful possessory interest of either a legal or equitable nature in the seized item sufficient to satisfy the court of his standing to contest the forfeiture."). The Fifth Circuit has explained that

> "the burden of establishing standing is on the claimant seeking to come before the court. A claimant need not prove the merit of his underlying claim, but he must be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and 'prudential considerations defining and limiting the role of the court.'" This principle applies to all forfeitures.

United States v. $321,470.00 United States Currency, 874 F.2d 298, 302 (5th Cir. 1989) (quoting United States v. One 18th Century Columbian Monstrance, 797 F.2d 1370, 1373 (1986), reh'g denied with opinion, 802 F.2d 837 (5th Cir.), cert. denied sub nom, Newton v. United States, 481 U.S. 1014(1988)).

In the usual case, a general, unsecured creditor does not have standing in these proceedings. See, e.g., DSI Associates LLC v. United States, 496 F.3d 175 (2nd Cir. 2007); see also United States v. BCCI Holdings (Luxembourg), S.A., 46 F.3d 1185, 1191 (D.C. Cir. 1995) (Under the similar RICO statute, a general creditor has no "vested" or "superior" interest in particular assets forfeited unless he not only has secured a judgment against the debtor, but also has perfected a lien against a particular item). This is so because unsecured creditors "cannot claim an interest in any particular asset that makes up the estate." United States v. Hammond, 2006 WL 516821 at *1 (W.D. N.C. March 1, 2006).

The Court looks to state law to determine whether, for purposes of section 853(n)(6)(A), a petitioner has "a legal right, title, or interest in . . property." See, e.g., United States v. Nava, 404 F.3d 1119, 1127 (9th Cir. 2005); United States v. Certain Real Prop. Located at 2525 Leroy Lane, 972 F.2d 136, 138 (6th Cir.1992).

In this case, the Wards have identified their interest in a prior vehicle, but failed to show how their gift to their son of a previous vehicle gives them a legally cognizable interest in the seized truck. Even if the Wards expected Defendant to re-pay them for the trade-in vehicle, the Court has found no basis for a colorable claim under Louisiana law.

Analogous cases in other jurisdictions, while not dispositive, are persuasive to the Court. For example, in United States v. Eldrick, 2005 WL 2861130 (N.D. Fla. Nov. 1, 2005), the defendant falsely claimed to be a doctor and maintained a medical practice with his brother, who was a doctor. The defendant used funds he obtained in his false practice to purchase a clinic, which he later sold to another brother for 70¢. The defendant's brother claimed that, as the real doctor, he was entitled to payment of the funds fraudulently collected by the defendant. Because the defendant used to the funds to purchase the clinic, his brother claimed to have an interest in the clinic. The court disagreed, pointing out that, even if the defendant and his brother had some type of contract, the brother was merely an unsecured creditor.

Similarly, in United States v. Wheaton, 2005 WL 2429792 (D. Me. Sept. 28, 2005), a woman petitioned the court to recognize her legal interest in the defendant's real property. The woman, Rhonda Millet ("Millet"), had lived with the defendant for several years, and she had used her separate funds in excess of $100,000 for building and outfitting their residence on a five-acre parcel. Millet believed she was a co-owner of the land and residence because tax notices listed her and the defendant as joint parties in possession, and she and the defendant had alternated paying the tax bill. Millet argued that her contributions created a constructive trust under Maine law, and the court should recognize her "legal" interest in the forfeited property. The court pointed out that a constructive trust was available under state law only if there was no adequate remedy at law, but

6

Millet had a legal remedy because she could have sued the defendant to recover monies invested in the property. Otherwise, her claims amounted to no more than that of an unsecured creditor and thus were insufficient to confer standing in the criminal forfeiture.

In this case, the Court finds that the Wards have failed to show a colorable claim of legal interest in Defendant's forfeited Toyota truck.

### C. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss is GRANTED, and the Wards' Petition is DISMISSED.

MONROE, LOUISIANA, this 11th day of October, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE